### *Colman I. Keeler* v. *John Adams.*

HOPKINS moved for a rule on a justice, ordering him to amend his return by inserting the sub-

---

* *Armistead* v. *Philpot.* But if a plaintiff have, in the hands of the sheriff, money arising from an execution, a levy cannot be made on *such* money by virtue of a *fi. fa.* against the plaintiff, for the mere raising the money by execution, does not, it is said, pass the property in it to the creditor. *Turner* v. *Fendall,* 1 *Cranch,* 117. In the principal case, *Livingston, J.* said, he had no doubt money might be levied on. See *Dalton's Sheriff Accord.* But vide *Fieldhouse* v. *Croft,* 4 *East,* 510. overruling *Armistead* v. *Philpot.*

stance of a notice given at the trial of the cause, and the testimony adduced under it.

The affidavits of the defendant and his attorney, set forth that the action was trespass on the case, for not returning and misusing four beds, bedsteads and some furniture, let to the defendant for 6 months, to which not guilty was pleaded, with a notice, that at the trial, evidence would be given, that the hiring was for twelve months, at the rate of 4 dollars *per* bed *per annum,* and that the defendant had paid more to the plaintiff than the rent for six months amounted to, and also, that the plaintiff had, before the expiration of the year, by force, taken away the goods demised, and that the defendant would, on the hearing, insist on recovering the balance due him, on the overplus of the rent paid. That proof was made of these circumstances, and the jury found a verdict in his favour for three dollars damages and six cents costs, upon which, the plaintiff sued out a *certiorari,* and had assigned for error, that the jury gave damages for the defendant, when he claimed none by his plea.

To these depositions, was annexed a certificate from the justice himself, corroborating their contents.

*Emott,* contra, read affidavits made by the plaintiff, his attorney and the justice, denying the notice of set-off, but admitting one, of giving in evidence, that the hiring was for 6, not 12 months. In that by the justice, the contradiction between his certificate and affidavit, was explained to arise from surprise in

May Term,
1805.

the hurry of business, and conceiving the former, which was brought to him ready prepared, to relate to the argument used by the defendant on the trial.

From these facts, and the tenor of the defendant's affidavits, he insisted, that as the suit below was an action on the case for damages, there could be no set-off, and that the court would not order a return, contrary to the deposition of the justice, as that would be obliging him to lay himself open to an action.

*Per Curiam*, delivered by TOMPKINS, J. I am of opinion, that the present motion ought not to be granted. The evidence of the notice of set-off which the defendant alleges to have been given, consists of his own affidavit, that of his counsel, and a *certificate* of the justice. To this is opposed the affidavits of the plaintiff and his counsel, and an *affidavit* of the justice, stating the notice of special matter given at the trial of the cause, to be different from the one specified in the affidavits on the part of the defendant.

The latter notice was of such matters as it was competent for the defendant to give in evidence under the general issue, and, therefore, a return of it by the justice, in addition to the general issue, would be unnecessary, and immaterial in the final determination of the cause.

The weight of evidence before us, is against the allegations of the defendant, since the *affidavit* of the justice, ought to receive greater credit than his *cer-*

*tificate ;* especially as in the former, he explains the circumstances under which the latter was obtained, and his inadvertence and misapprehension at the time of giving the latter. We cannot suppose that the justice, if compelled to amend, would return any other notice, than the one to which he has now sworn, and, as I remarked before, the notice amounted to no more than the general issue.

I should not be inclined to grant the defendant's motion, if the affidavits on his part, were uncontradicted by opposite proof. The declaration below was for a tort, to which the defendant properly pleaded not guilty, and in such an action, evidence of set-off is inadmissible. It cannot, therefore, be important for the defendant to have a return of the notice which he alleges to have been given, as it would not vary the determination of the cause in this court.— Let the defendant take nothing by his motion.

KENT, C. J. gave no opinion on the point of set-off.